

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 20-38 Erie |
| | ) | |
| MICHAEL CARTER ANDERSON | ) | **(Under Seal)** |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Paul S. Sellers, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| **COUNT** | **OFFENSE/DATE** | **TITLE/SECTION** |
|---|---|---|
| 1 | Attempted possession with intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance<br>On or about August 26, 2020 | 21 U.S.C. § 846 |

### II. ELEMENTS OF THE OFFENSE

**A.  As to Count 1:**

In order for the crime of attempted possession with intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine,

in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That on or about the date set forth, the defendant attempted to possess with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983);
> United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

    2.    That objective acts performed by the defendant mark the defendant's conduct as criminal in nature, such as the defendant performing an act amounting to a substantial step toward the commission of that crime.

> United States v. Cruz-Jiminez, 977 F.2d 95, 101-02 (3d Cir. 1992); United States v. Everett, 700 F.2d 900, 908-09 (3d Cir. 1983); see also United States v. Hsu, 155 F.3d 189, 202-02 (3d Cir. 1998).

    3.    That methamphetamine is a Schedule II controlled substance.

> 21 C.F.R. § 1308.12(d); United States v. Gori, 324 F.3d 234, 240 (3d Cir. 2003).

    4.    That the mixture and substance containing a detectable amount of methamphetamine that the defendant attempted to possess was 50 grams or more. 21 U.S.C. § 841(b)(1)(B)(viii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III. PENALTIES

**A.    As to Count 1: Attempted possession with intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. § 846):**

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2. A fine not to exceed $5,000,000.

3. A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least eight (8) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

PAUL S. SELLERS
Assistant U.S. Attorney
PA ID No. 316175